*789 OPINION.
ÁRUndell:
The petitioners are contending that the release by Y. Loewer’s Gambrinus Brewing Co. of the amounts appearing on its books to be owing by them does not constitute a payment of dividends, as determined by the respondent, but is a gift of the amounts involved.
For some time prior to the year 1920, it was the practice of the corporation to permit its officers to make withdrawals of corporate funds to pay expenses incident to the solicitation of business. The accounts set up because of the advancements were adjusted periodically by charging the amounts thereof to expense. The evidence shows that by the latter part of 1920, when Henry D. Muller, Jr., alleged that some of the officers were withdrawing corporate funds without proper authority and threatened to institute suit against all of the officers for an accounting, the special loan accounts of Jacob Loewer and Henry D. Muller were charged with withdrawals amounting to more than $48,000. By April 21, 1921, the accounts showed withdrawals by each officer of $24,824.82. On various dates in 1920, and in 1921 prior to April 21, the corporation paid to Ida L. Dowling sums totaling $24,824.82, an amount equal to the figure the books showed was owing by Loewer and Muller. This amount was charged to Mrs. Dowling as a loan. From January 1, 1920, to April 21, 1921, one-third of the corporation’s stock was held by Ida L. Dowling and the balance was owned by Loewer and Muller and the members of their respective families.
*790 The amounts appearing on the books to be due from Loewer and Muller were advanced to them at various times prior to April 21, 1921, in sums of less than $100. We do not doubt that some portion of the advances made was used by the pfficers to pay ordinary and necessary business expenses incurred in carrying out the affairs of the corporation, but it would, indeed, be a coincidence if the amount advanced to each officer for the purpose stated would total the same figure on April 21, 1921. No attempt was made to explain this unusual situation.
That the corporation did not regard the money advanced to Loewer and Muller as having been expended for business expenses, is evidenced by the manner in which the amount was treated on the books. As advances were made, the amount thereof was charged to the recipient as a loan, and upon the adjustment of the accounts as a result of the action taken by the stockholders on April 21, 1921, the amount was charged to surplus instead of expense.
We have not been furnished with the dates on which the several alleged loans were made to Ida L. Dowling, but it appears that the first payment was not made until after the filing of the complaint against the withdrawal of funds by Loewer and Muller. In any event, it is clear from the testimony of Loewer that the sum charged to this petitioner was forgiven by the corporation in order to place Mrs. Dowling in possession of the same amount Loewer and Muller were charged with having received and to save the corporation the expense of defending a court proceeding for an accounting. Judging the transaction in the light of these facts, as well as other circumstances, we are of the opinion that the corporation never intended to demand payment of the amount paid to Mrs. Dowling.
It is being urged in behalf of Mrs. Dowling that since the distributions were not made according to stock holdings, they are not dividends within the meaning of section 201 of the Revenue Act of 1921. We have previously held that dividends may be distributed other than ratably according to stock holdings. Pompeian Manufacturing Co., 1 B. T. A. 825, and Joseph Goodnow & Co., 5 B. T. A. 1154. In the instant case, the distribution made to the heads of the three family groups of stockholders resulted from the unanimous agreement of all the share owners.
No point is being made by either petitioner that the amounts distributed, if dividends, are not taxable income in the year 1921.
It is our conclusion from a careful consideration of all the evidence that the amount of which each petitioner was released and discharged represents a payment of dividends, and, therefore,- taxable income.

Judgment mili be entered for the respondent.